ZOA RODRÍGUEZ MATTEI ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 773. Submitted June 18, 1929.—Decided July 12, 1929.

*Arjona & Arjona* for the appellants.

MR. JUSTICE ALDREY delivered the opinion of the court.

To the Registrar of Property of San Germán was presented a certified copy of a judgment rendered by the District Court of Ponce in an action brought by Zoa Rodríguez Mattei and others against Elvira Rodríguez Cuevas in which the

court annulled the mortgage notes issued by the defendant, on February 15, 1923, for $3,000 and for $2,000, and especially the mortgage guaranty created to secure the payment, and ordered the Registrar of Property of San Germán to cancel the record of the said mortgage. That certificate was accompanied by a certified copy of the opinion on which the judgment is based and from which it appears that the court found in favor of all of the facts related in the complaint as previously stated and especially that defendant Elvira Rodríguez Cuevas is the holder and bearer of the said mortgage notes and has never given up their possession, never negotiated them to any person, never has received any sum on them transferring their possession to another person and has never ceased to be the bearer and holder of the said mortgage notes. There was another certificate to the effect that on March 25, 1929, the appeal taken from that judgment by defendant Elvira Rodríguez Cuevas was dismissed and another of the complaint in that action.

On May 27, 1929, the registrar refused to make the cancellation for the reasons stated in his decision as follows:

"Cancellation of the records referred to in the preceding document is denied, which cancellation was ordered by the district court of the judicial district of Ponce on May 19, 1928, in civil case No. 2206 in regard to nullity of obligations and cancellation of record brought by Zoa Rodríguez Mattei et al. (plaintiffs) against Elvira Rodríguez Cuevas (defendant), as it refers to the same case which gave rise to the negatory ruling in a marginal note to record 12a of property No. 1979 at the back of folio 249 of vol. 45 of the municipality of Yauco, and also because it refers to the same question which gave rise to the negatory ruling which brought about entry letter 'A' made on folio 250 of the same volume, which was affirmed by the Supreme Court of Porto Rico as appears from 37 P.R.R. 44, and the documents which gave rise to such rulings were presented in this registry on October 17, 1927, according to entry No. 190 of vol. 70 of the Journal, and also of the one presented on May 2, 1927, entry No. 105 of vol. 68 of the Journal. Moreover, we add today, repeating what the Supreme Court of this Island has said in 70 P.R. R. 970 (sic). The Mortgage Law is nothing else than a series of

precepts tending to protect third persons and there is neither in its letter nor in its spirit any declaration compelling a registrar to execute acts in the registry to the prejudice or nullification of the rights of a third person. The aforesaid decision of the Supreme Court of March 25, 1929, dismissing the appeal for want of prosecution on the part of the appellant neither alters nor modifies at all the legal status of the records sought and ordered to be canceled by the judgment of the district court which has been mentioned at the start, said records being supported and their validity protected by the same provisions of the Mortgage Law protecting third parties; and no cautionary notice is entered on that account nor is any action taken in the books of the registry as the records which have been denied are not to be duplicated.''

This administrative appeal has been taken from that decision praying that this court order the cancellation requested.

The registrar limits himself to alleging in this appeal that the question involved has been settled definitely and to prove it submits a certificate of some entries in the registry from which it appears that after record had been made of the property of Conrado Rodríguez Mattei in the name of Elvira Rodríguez Cuevas as his intestate heiress, so declared by the District Court of Ponce, she created on February 15, 1923, a mortgage on that property to secure two obligations or notes payable to order which he made for $3,000 and $2,000 respectively; that at the instance of Zoa Rodríguez and others the Supreme Court of Porto Rico set aside the declaration of heirship in favor of Elvira Rodríguez Cuevas and that with a certified copy of that judgment application was made to the registrar for cancellation of the said mortgage, which was denied by the registrar on May 10, 1927; that an action having been brought by Zoa Rodríguez Mattei and others against Elvira Rodríguez Cuevas for the annulment of the said mortgage and cancellation of its record, it was moved that that complaint be recorded in the registry of property, which was also denied by the registrar on October 25, 1927.

Those records of the registry do not justify the refusal appealed from on the ground that the cancellation now sought and based on a final judgment rendered by the District Court of Ponce on May 19, 1928, has been refused previously, because the aforesaid dates show that when the two refusals contained in the certificate of the registrar were made no judgment had been rendered in the action for nullity and cancellation of mortgage; and although the appellants say that as soon as that judgment was rendered, but without becoming final and an appeal therefrom having been taken by Elvira Rodríguez Cuevas, they applied for the cancellation of the mortgage, which was denied, yet that refusal would not constitute a bar to the application made now because it is based on a juridical situation distinct from the other, since what is now sought is cancellation on the ground that the judgment ordering it has become final by virtue of the dismissal on March 25, 1929, of the appeal taken by Elvira Rodríguez Cuevas from the judgment which declared the nullity of the mortgage and ordered its cancellation in the registry of property.

As to whether the cancellation might be prejudicial to the rights of third persons, this is a matter that need not concern the registrar after the district court had decided that the two notes secured by the mortgage were in the possession of defendant Elvira Rodríguez Cuevas and had ordered the cancellation of the mortgage securing them.

The decision appealed from must be reversed and the registrar ordered to record the cancellation of the mortgage as requested.